PERKINS, PLAINTIFF-APPELLANT, *v.* DUNCAN, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Ashtabula County.

No. 571. Decided January 22, 1963.

*Mr. Robert H. Fuller*, for plaintiff-appellant.
*Mr.Alan I. Krohn*, for defendant-appellee.

(WILLIAM B. BROWN, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.)

DONAHUE, J. Appellant filed a petition in which he alleged that he loaned defendant $1,899.00. He testified that he received $2,500.00 from Social Security, which he banked in his and defendant's name so that she could withdraw it in case of emergency. Defendant then asked plaintiff to loan her money to pay her bills. Plaintiff refused but shortly found himself in her car, which she drove to the bank. They withdrew the $1,899.00 which the teller handed to the defendant and which she pocketed. She later paid her bills with it. Plaintiff testified that she promised to repay it by depositing at least $100.00 per month to his account, with interest. During the following two months she made no deposits and plaintiff sued her. His testimony also indicated that he didn't want to ''loan'' her the money, and had no intention of giving it to her. It appears that she simply overwhelmed him and got the money by sheer exertion of a superior will.

After this evidence the court directed a verdict, on the theory that the petition stated a cause of action on a contract, whereas the evidence from his point of view, showed no evidence of contract. It was the court's opinion that the petition should have been drawn to show a cause of action for money had and received and that in entering judgment for defendant in this case plaintiff was not being precluded from filing a new case for money had and received.

There are several broad principles of law, statutory and otherwise, that ought to be remembered at this point. First, under our modern statutes all pleadings are to be liberally construed. Second, in considering a motion for directed verdict the pleading and testimony must be considered in their most

favorable light toward the party against whom the motion is made. Third, one of the major purposes of our modern rules of pleading and evidence is to expedite litigation and avoid unnecessary delays.

In our present situation if the evidence supported the pleading in any substantial respect, and these pleadings stated a cause of action, then, even though the court believed that plaintiff had a far better action along some other line, he had no right to interfere and take the cause from the jury. To direct a verdict he had to find that reasonable minds could not differ and that no reasonable mind could find, in this instance, that the transaction was a loan or that an agreement of repayment had been entered into. The court and defendant both admit that plaintiff did testify that there was talk of a loan, that plaintiff's money was given defendant, and that she had not given it back. No claim was made that there was an outright gift.

It is true that some of plaintiff's testimony seems inconsistent. For instance he testified that he had had no intention of loaning her money, and didn't want to. However, it would also appear that the sheer force of defendant's personality did extract the money and under the evidence here presented, defendant was entitled to have the jury pass on the question as to whether or not defendant owed this money to plaintiff—and it would seem that she actually does—as a result of the loan alleged in the petition.

Judgment reversed and cause remanded to the Common Pleas Court for further proceedings according to law.

PAUL W. BROWN, P. J., and WILLIAM B. BROWN, J., concur.